IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JONATHON KYLE FIELDS                                                                    PLAINTIFF

v.                                    Civil No. 4:11-cv-04061

SHERIFF BUTCH MORRIS;
DEPUTY DAVID SHELTON; and
DEPUTY JOHN GLIDEWELL                                                          DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Jonathon Kyle Fields filed this case *pro se* and *in forma pauperis* on July 6, 2011 under 42 U.S.C. § 1983.  ECF No. 1.  Now before the Court is Defendant's Motion to Dismiss.  ECF No. 20.  Plaintiff has not responded.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 14.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**I.    BACKGROUND**

At the time he filed his Complaint, Plaintiff was an inmate of the Howard County Detention Center.  On July 6, 2011, the Court issued an Order advising Plaintiff that he had an obligation to immediately notify the Court of any change in his address.  Plaintiff was also advised that failure to inform the Court of a change of address could result in the dismissal of this case.  ECF No. 3.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

On February 9, 2012, Defendants filed a Motion to Compel. ECF No. 16. In this Motion, Defendants state they served Plaintiff with discovery request on November 7, 2011, sent him a second request on December 9, 2011, and he has not responded to either request. ECF No. 16. Plaintiff did not respond to Defendants' Motion to Compel. On May 2, 2012, the Court granted Defendants' Motion to Compel and ordered Plaintiff to provide Defendants with the required responses by May 30, 2012. ECF No. 17. The Court received the May 2, 2012 Order returned as undeliverable on May 11, 2012. Plaintiff did not notify the Court of any change of address. The Court conducted research and discovered Plaintiff was released and directed the Clerk to resend the May 2, 2012 Order to the address Plaintiff provided the detention center when he was booked, 115 Texas Street, Nashville, Arkansas 71852. ECF No. 18. The Court has not received the May 2, 2012 Order sent to the Texas Street address returned as undeliverable.

Defendants filed a Motion to Dismiss on June 5, 2012. ECF No. 20. In the Motion, Defendants assert that Plaintiff has failed to comply with the Court's May 2, 2012 Order compelling Plaintiff to respond to Defendant's discovery request by May 30, 2012. In this Order, the Court advised Plaintiff that failure to comply with the Order could result in the dismissal of this case. ECF No. 17. Plaintiff did not file a response to Defendant's Motion to Dismiss.

Additionally, the Court issued an Order on Defendants' Motion for Judgment on the Pleadings on May 21, 2012. ECF No. 19. In this Order, the Court directed Plaintiff to submit an amended complaint by June 11, 2012 and advised the Plaintiff that failure to respond to the Order may result in the dismissal of this case. ECF No. 19. This Order was also sent to Plaintiff at the Texas Street address. On June 18, 2012 the Court received this Order returned as undeliverable. The Court conducted additional research on Plaintiff's current address, ordered the Clerk to change Plaintiff's address to 109 Buckeye, Mineral Springs, Arkansas 71851, and resent the Order on

Defendants' Motion for Judgment on the Pleadings. ECF No. 21. Plaintiff did not respond with his amended complaint as directed in the Order. The Order was not returned as undeliverable.

On July 24, 2012, the Court Ordered Plaintiff to show cause, by August 3, 2012, why this case should not be dismissed based on his failure comply with the Court's Order to keep it informed of his current address (ECF No. 3), Order to Compel (ECF No. 17), and Order directing he file an amended complaint (ECF No. 19). ECF No. 22. Plaintiff has failed to respond to the Court's Show Cause Order and the Order was not returned as undeliverable. Plaintiff was advised in the Show Cause Order that his failure to comply with the Order would result in the dismissal of this case. ECF No. 22.

## II.     APPLICABLE LAW

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court posses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only the he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III. DISCUSSION

As demonstrated above, Plaintiff has failed to comply with the Court's Orders (1) directing Plaintiff to keep the Court informed of his mailing address (ECF No. 3); (2) granting Defendants' Motion to Compel (ECF No. 17); (3) directing he file an amended complaint (ECF No. 19); and (4) ordering him to show cause why he has failed to comply with all of these Orders (ECF No. 22). Plaintiff has been provided adequate notice and opportunity to comply with the Court's Orders as well as multiple warnings that failure to comply with such Orders could result in the dismissal of this case.

Furthermore, Plaintiff has failed to prosecute this case. He has not communicated with the Court in over a year and has failed to responded to (1) Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 12); Defendants' Motion to Compel (ECF No. 16); and (3) Defendants' Motion to Dismiss (ECF No. 20). Accordingly, this case should be dismissed with prejudice for failure to follow multiple Court Orders and failure to prosecute.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 20) is hereby **GRANTED** and the above styled case is **DISMISSED** with prejudice on the grounds that Plaintiff has failed to comply with the Court's Orders and prosecute this case. *See* Fed. R. Civ. P. 41(b). A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**DATED** this **14th day of August 2012.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE